IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JUAN LEDESMA,<br>TDCJ-CID #346598,<br><br>Plaintiff,<br><br>v.<br><br>CRISPIN F. BAQUERO,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. G-08-0055 |

**MEMORANDUM OPINION AND ORDER**

Juan Ledesma, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a prisoner civil rights complaint seeking injunctive relief against a TDCJ-CID officer, Crispin F. Baquero. After reviewing the pleadings, which include several motions for injunctive relief, the court has determined that the complaint will be dismissed as frivolous and that the motions (Docket Entry Nos. 2, 5, and 6) will be denied.

## I. Claims and Allegations

Ledesma complains that Baquero has constantly harassed and threatened him. He further alleges that Baquero has enlisted the aid of the prisoners to tamper with his food by placing hairs and other unnamed objects in it. (Docket Entry No. 2) He further alleges that Baquero has threatened him with bodily harm. (Docket

Entry No. 6) Ledesma states that on February 25, 2008, Baquero told him that he was going to "kick my butt." Id. Based on Baquero's alleged abusive behavior, Ledesma requests that this court issue an injunction protecting him from Baquero and all other correctional officers assigned to work where Ledesma is housed. (Docket Entry No. 6)

## II. Analysis

In order to obtain injunctive relief, Ledesma must show that he is subject to impending harm and that there is an immediate threat of future injury. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); Johnson v. Kegans, 870 F.2d 992, 999 (5th Cir. 1989). Ledesma merely alleges that Baquero has subjected him to rude behavior and uncouth language. While such unprofessional actions by a prison official should not be condoned, they have not physically harmed Ledesma and do not amount to a violation of his constitutional rights. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997), citing Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993). See also Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citations omitted) (guard's use of vulgar language did not violate prisoner's constitutional rights).

Ledesma's allegation that Baquero enlisted other inmates to put hair in Ledesma's food is speculative and devoid of any factual allegation that would indicate that Ledesma was subjected to any harm. Prisoners have a right to food that meets their basic

nutritional needs but there is no right to have a meal that is immaculate or particularly appealing. See Berry v. Brady, 192 F.3d 504, 507-08 (5th Cir. 1999); Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996), citing George v. King, 837 F.2d 705, 707 (5th Cir. 1988). An isolated incident of a small object, such as hair, in a meal does not support a civil rights violation. See George (unintended food poisoning). Moreover, Ledesma has failed to set forth any facts that explain who Baquero allegedly conspired with to plant hair in his food or whether the hair was even intentionally placed there. Ledesma's complaint about finding a hair in his meal is legally baseless. Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982) (In pleading conspiracy, the plaintiff must allege that the defendants agreed to commit an illegal act.). See also Priester v. Lowndes County, 354 F.3d 414, 423 n.9 (5th Cir. 2004) (claims of conspiracy cannot be based on conclusory statements); Hilliard v. Ferguson, 30 F.3d 649, 652 (5th Cir. 1994) (Injury is a required element of conspiracy.).

The relief that Ledesma seeks, reassignment or termination of a guard, would require the court to intervene in the details of prison administration. Absent a clear showing of systemic abuses, courts do not become entangled in routine prison management issues, such as job assignments or classifications, but leave such decisions in the hands of the prison supervisors. See Rhodes v. Chapman, 101 S.Ct. 2392, 2400 n.14 (1981); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989) ("It has been emphasized by the

Supreme Court that day-to-day operation of prisons must be left to the broad discretion of prison officials.”). Ledesma’s complaint will be dismissed as legally baseless.

## III. Motions for Injunctive Relief

Ledesma has filed several motions for injunctive relief. In one motion (Docket Entry No. 2), Ledesma alleges that security guards had used “witchcraft/sorcery/divination” against him. In the second motion (Docket Entry No. 5) Ledesma complains of a verbal confrontation with Baquero because Ledesma had to wait for Baquero to remove him from the shower area. In the third motion (Docket Entry No. 6) Ledesma alleges yet another argument with Baquero. These motions will be denied because Ledesma has failed to show that he is entitled to injunctive relief. Planned Parenthood of Houston and Southeast Tex. v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005).

Ledesma also filed a conditional motion for voluntary dismissal (Docket Entry No. 16) based on his belief that Baquero has been reassigned. This motion was withdrawn by a subsequent motion (Docket Entry No. 18) in which Ledesma declared that Baquero had returned to Ledesma’s area. These motions will be denied as moot.

## IV. Motion for Court-Appointed Counsel

Ledesma has moved for court-appointed counsel. In general, there is no right to court-appointed counsel in civil rights cases.

Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989). Appointment of counsel is not warranted in this action due to the elementary nature of its issues. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998). The Motion Requesting Appointment of Counsel (Docket Entry No. 12) will be denied.

## V. Motion to Proceed In Forma Pauperis

Ledesma's Application to Proceed In Forma Pauperis (Docket Entry No. 13) is **GRANTED**. Ledesma is not required to prepay the entire filing fee immediately, but he is obligated to pay the filing fee pursuant to the provisions of 28 U.S.C. § 1915(b). The TDCJ Inmate Trust Fund is **ORDERED** to deduct 20 percent of each deposit made to Ledesma's account and forward the funds to the Clerk of this court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

## VI. Conclusion

The court **ORDERS** the following:

1. This action, filed by Inmate Juan Ledesma, TDCJ-CID #344598, will be dismissed as frivolous. 28 U.S.C. § 1915(e).

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 13) is **GRANTED**.

3. The Texas Department of Criminal Justice - Institutional Division Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

4.  All other motions (Docket Entry Nos. 2, 5, 6, 12, 16, and 18) are **DENIED**.

5.  The Clerk is directed to provide a copy of this Memorandum Opinion and Order dismissing this action to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, fax number 512-936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax number 936-293-4197; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 2nd day of April, 2008.

SIM LAKE
UNITED STATES DISTRICT JUDGE